JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7303
    email: david.countryman@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE; THE DRUG ENFORCEMENT ADMINISTRATION' and THE PERSON(S) CURRENTLY ON RECORD TITLE TO 1955 FORD THUNDERBIRD VIN. # P5FH235863,<br><br>    Defendants. | No. CV 08-01248 VRW<br><br>**RESPONSE TO MOTION TO SET ASIDE FORFEITURE AND MOTION TO DISMISS COMPLAINT FOR DAMAGES** |

    Defendants United States Department of Justice and Drug Enforcement Administration submit this response to Plaintiff's Complaint seeking return of administratively forfeited property and for damages. As a preliminary matter, in cases where property is alleged to have been administratively forfeited without proper notice, a motion filed under 18 U.S.C. § 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture. 18 U.S.C. § 983(e)(5); *United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004). As such, Plaintiff's Complaint for the Return of Property should be construed as a motion filed under 18 U.S.C. § 983(e).

//

//

**STATEMENT OF FACTS**

On August 9, 2005, Drug Enforcement Administration ("DEA") agents executed a federal search warrant for 1396 Camellia Dr., East Palo Alto, CA 94303. Pursuant to that warrant, DEA agents seized $8,500 and a 1995 Ford Thunderbird, VIN # P5FH235863 (the "Vehicle," collectively the "seized property"). Declaration of John Hieronymus ¶¶ 4(a) and 5(a), filed herewith.

On September 13, 2005, DEA sent a written notice of its intent to forfeit the Vehicle by certified mail, return receipt requested, to Nathaniel Willie Gardner at 1396 Camellia Dr., East Palo Alto, CA 94303. After three delivery attempts the U.S. Postal Service returned the notice to DEA stamped "RETURN TO SENDER. UNCLAIMED." Hieronymus Decl. ¶ 4(b), Exhibits 1-2. Plaintiff states in his complaint that 1396 Camellia Dr. was his residence prior to the seizure and after the seizure and that he receives his mail in a normal and regular manner. Plaintiff's Complaint ¶¶ 13-14.

Pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, DEA published notice of the seizure and forfeiture of the Vehicle in the Wall Street Journal once each week for three consecutive weeks—on September 26, October 3, and October 10, 2005. Hieronymus Decl. ¶ 4(c), Exhibit 3. When no claim was received, DEA confirmed that 1396 Camellia Dr. was Plaintiff's only known address. Hieronymus Decl. ¶¶ 4(d) and 5(d).

On March 3, 2006, DEA administratively forfeited the Vehicle. Hieronymus Decl. ¶ 4(e), Exhibit 4. On May 13, 2006, the vehicle was sold at auction for $23,000. Declaration of Andrea Howard ¶ 4, Attachment B, filed herewith. The Vehicle is no longer in the possession of the government. *Id.* at ¶ 5. Plaintiff did not file a claim with the DEA for any damages arising from the seizure. Declaration of Bettie E. Goldman, filed herewith.

**ARGUMENT**

A.  **If Plaintiff Submits Evidence That He Did Not Know and Did Not Have Reason to Know of the Seizure in Time to File a Timely Claim, This Court Should Set Aside Forfeiture of the Vehicle for Failure to Provide Proper Notice**

Pursuant 18 U.S.C. § 983(a)(1)(A)(i), the government is required to send notice of any non-judicial forfeiture proceeding to all interested parties in a manner calculated to achieve proper notice. Certified mail has been deemed constitutionally sufficient notice where "it was reasonably calculated to reach the intended recipient when sent." *Jones v. Flowers*, 547 U.S. 220, 226 (U.S. 2006). However,

when the government sends notice by certified letter, and the letter is returned unclaimed, the government must take additional steps to insure notice, if it is practicable to do so. *Id.* at 225; *United States v. Richie*, 342 F.3d 903 (9th Cir. 2003). If the government does not provide additional notice, and the moving party can demonstrate that he or she "did not know or have reason to know of the seizure within sufficient time to file a timely claim," the court must set aside the administrative forfeiture of the property at issue. 18 U.S.C. § 983(e)(1).

Here, DEA sent notice to Plaintiff of its intent to administratively forfeit the Vehicle by certified mail. Like Flowers, the notice was returned unclaimed, and Defendants are unaware of any additional steps taken to insure notice. Hieronymus Decl. ¶ 4(b), Exhibits 1-2. Although it is not alleged and there is no evidence in the complaint that Plaintiff "did not know or have reason to know of the seizure within sufficient time to file a timely claim," if Plaintiff submits evidence that he did not know and did not have reason to know of the seizure, the forfeiture of the Vehicle should be set aside pursuant to § 983(e)(1), without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to that property or a substitute sum of money. *See* 18 U.S.C. §§ 983(e)(2)(A) and (e)(4).

**B.    If the Administrative Forfeiture is Set Aside, the Government Can Return the Value of the Vehicle, but It Cannot Be Ordered To Return the Vehicle Itself, Since the Vehicle Is No Longer in the Government's Possession**

When the government fails to give proper notice of a forfeiture proceeding, and the property has been sold, the claimant is entitled to recover a sum equal to the value of the property forfeited. *United States v. Marshall*, 338 F.3d 990, 992 (9th Cir. 2003) *citing United States v Marloff*, 173 F.3d 1213, 1220 (9th Cir. 1999). The value of the property is determined at the time of forfeiture, and the sale price is evidence of the fair market value. *Id.* at 993-94. Here, the Vehicle was sold at auction for $23,000 and is no longer in the possession of the government. Howard Decl. ¶ 4-5, Attachment B. The government can return the $23,000 received by the government for the sale of the Vehicle.

**C.    Plaintiff's Complaint for Damages Must Be Dismissed, Because This Court Lacks Subject Matter Jurisdiction**

    **1.    The Court Lacks Subject Matter Jurisdiction as to Plaintiff's Complaint for Damages Arising From the Seizure, Because the Property at Issue Was Seized Pursuant to a Search Warrant**

The doctrine of sovereign immunity bars actions against the United States except where it clearly

and unequivocally consents to be sued. *United States v. White Mt. Apache Tribe,* 537 U.S. 465, 472 (2003); *United States v. Testan,* 424 U.S. 392, 399 (1976). The terms of such consent, as expressly set forth by Congress, define the Court's subject matter jurisdiction to entertain suits against the United States. *United States v. Dalm,* 494 U.S. 596, 602 (1990). Such consent must be strictly interpreted, in terms of scope, in favor of the government. *Lane v. Pena,* 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act ("FTCA"), in 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*, provides a limited waiver of sovereign immunity for certain claims against the federal government and is the exclusive remedy for persons injured by the negligent or wrongful acts or omissions of Government employees. 28 U.S.C. § 2679(b)(1). Certain categories of claims are exempt from this waiver of sovereign immunity, including "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *Id.* § 2680(c). This exception, referred to as the "detention of goods" exception, generally is interpreted broadly. *Foster v. United States,* No. 06-56832, 2008 WL 1734693, at *1-2 (9th Cir. April 16, 2008). While the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, § 3, 114 Stat. 202, 211, re-waived sovereign immunity with respect to certain forfeiture-related seizures, this re-waiver "applies only to property seized solely for the purpose of forfeiture, even if the government had in mind, and later pursued, judicial forfeiture of property seized initially for a legitimate criminal investigative purpose." *Id.* at *7. In particular, the Ninth Circuit has held that property seized pursuant to a search warrant is not seized solely for the purpose of forfeiture. *Id.*

Plaintiff seeks unspecified damages arising from the seizure and forfeiture of the $8,500 and the Vehicle. Plaintiff's Complaint ¶¶ 22, 26-27, and 29. The $8,500 and the Vehicle were seized pursuant to a search warrant. Hieronymus Decl. ¶¶ 4(a) and 5(a). Therefore, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and it must be dismissed.

2.  **The Court Lacks Subject Matter Jurisdiction as to Plaintiff's Claim for Damages, Because Plaintiff Failed to Exhaust Administrative Remedies**

The FTCA is the exclusive remedy for persons injured by the negligent or wrongful acts or omissions of any employee of the federal government. 28 U.S.C. § 2679(b)(1). One of the conditions of the FTCA is that an injured party file an administrative claim for damages with the appropriate federal

1  agency. 28 U.S.C. § 2675(a) provides, in pertinent part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*See McNeil v. United States*, 508 U.S. 106 (1993). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985).

Plaintiff did not file a claim for damages with the DEA as required by 28 U.S.C. § 2675(a). Goldman Decl. ¶¶ 4-5. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and it must be dismissed.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: May 7, 2008

DAVID B. COUNTRYMAN
Assistant United States Attorney