JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7303
email: david.countryman@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE; THE DRUG ENFORCEMENT ADMINISTRATION' and THE PERSON(S) CURRENTLY ON RECORD TITLE TO 1955 FORD THUNDERBIRD VIN. # P5FH235863,<br><br>Defendants. | No. CV 08-01248 VRW<br><br>SETTLEMENT AGREEMENT AND ORDER |

The parties stipulate and agree as follows:

1. Plaintiff is Nathaniel Gardner ("Gardner"), and Defendant is the United States of America ("United States"). The United States and Gardner are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. On or about August 9, 2005, Drug Enforcement Administration ("DEA") agents executed a federal search warrant for 1396 Camellia Dr., East Palo Alto, CA. Pursuant to that warrant, DEA agents seized $8,500 and a Ford Thunderbird, VIN # P5FH235863 (the "Vehicle," collectively the "property"). At the time of the seizure and subsequent forfeiture, Gardner was the only person or entity with an ownership interest in the property. DEA published notice of the

1    seizure and forfeiture of the Vehicle in the Wall Street Journal once each week for three
2    consecutive weeks. When no claim was received, DEA administratively forfeited seized
3    property, and the US Marshals Service sold the Vehicle at auction for $23,000.

4    3. After full and open discussion, the parties agree to resolve any and all claims involving
5    the search of 1396 Camellia Dr., the seizure of the property, forfeiture of the property, sale of the
6    vehicle, against the United States as well as against any and all past and present officials,
7    employees and agents of the United States, including those at the United States Department of
8    Justice, arising out of the search of 1396 Camellia Dr., the seizure of the property, forfeiture of
9    the property, or sale of the vehicle.

10   4. The parties agree that the resolution of the lawsuit is based solely on the terms stated in
11   this Settlement Agreement. It is expressly understood that this Agreement has been freely and
12   voluntarily entered into by the parties. The parties further agree that there are no express or
13   implied terms or conditions of settlement, whether oral or written, other than those set forth in
14   this Agreement. This Agreement shall not be modified or supplemented except in writing signed
15   by the parties. The parties have entered into this Agreement in lieu of continued protracted
16   litigation and District Court adjudication.

17   5. The parties further agree that this Settlement Agreement does not constitute precedent on
18   any legal issue for any purpose whatsoever, including all administrative proceedings and any
19   lawsuits.

20   6. This settlement is a compromise over disputed issues and does not constitute any
21   admission of wrongdoing or liability by any party.

22   7. The parties agree that Gardner discharges the United States, as well as any past and
23   present officials, employees, agents, attorneys, their successors and assigns, from any and all
24   obligations, damages, liabilities and demands of any kind and nature whatsoever, whether
25   suspected or unsuspected, at law or in equity, known or unknown, arising directly or indirectly
26   out of the search of 1396 Camellia Dr., the seizure of the property, forfeiture of the property, or
27   sale of the vehicle.

28   8. Gardner does not contest that the United States had sufficient evidence to support the

forfeiture of defendant property. In order to resolve this case without the expense of further litigation, however, the United States shall return the $8,500, the $23,000 received from the sale of the vehicle, and applicable interest, as determined by the United States.

9. Gardner shall hold harmless the United States, including its agents, officers, representatives and employees, as well as any and all state and local law enforcement officials, for any and all acts directly or indirectly related to the search of 1396 Camellia Dr., the seizure of the property, forfeiture of the property, or sale of the vehicle.

10. The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

11. Based on the foregoing Settlement Agreement between the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED.

12. The Court retains jurisdiction of this matter for purposes of enforcing this Settlement Agreement.

IT IS SO STIPULATED:

Dated: October 7, 2008

Dated: October 7, 2008

Dated: October 7, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

DAVID COUNTRYMAN
Assistant United States Attorney

WALTER C. COOK
Attorney for Plaintiff Nathaniel Gardner

NATHANIEL GARDNER
Plaintiff

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 8th DAY OF October, 2008.

HONORABLE VAUGHN R. WALKER
United States District Judge

*SETTLEMENT AGREEMENT*
*[CV 08-01248 VRW]*

3